**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KENNETH MIMS, | : | |
|  | : | Civil Action No. 15-4011(RMB) |
| Petitioner, | : | |
|  | : | |
| v. | : | **OPINION** |
|  | : | |
| MARK A. KIRBY, WARDEN, | : | |
|  | : | |
| Respondent. | : | |

**BUMB**, District Judge

　　This matter comes before the Court upon Petitioner's submission of a petition under 28 U.S.C. § 2241, which was unaccompanied by the $5.00 filing fee or an in forma pauperis (IFP) application. See ECF No. 1 ("Petition"). Petitioner is a federal inmate confined at the Federal Correctional Institution in Fairton, New Jersey, imprisoned after pleading guilty, in the U.S. District Court, District of Connecticut, to one count of illegal gun possession by a convicted felon under 18 U.S.C. §§ 922(g)(1) and 924(e). U.S. v. Mims, 237 F. App'x. 634, 635 (2d Cir. 2007). The court sentenced Petitioner to a term of imprisonment of 210 months, after Petitioner stipulated "to a criminal history that classified him as an armed career

criminal, a status which subjected him to a fifteen-year mandatory minimum term of imprisonment pursuant to 18 U.S.C. § 924(e)." Mims v. U.S., Civ. Action No. 08-cv-1400 (JCH), 2009 WL 1992943, at *1 (D. Conn. July 9, 2009)[1], reconsideration denied, 2010 WL 3025226 (D. Conn. July 30, 2010).[2]

Petitioner gave the following reason why a motion under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention:

> [A]t the time of petitioner's direct appeal and first 28 U.S.C. 2255 motion, the substantive statutory law change in a state criminal statute that it has now alter the class of persons the law can punish, in addition, this new rule of substantive law statutory law that the U.S. Supreme Court decided in light of Descamps[3] now shows that the U.S. District Court was in error, by using inaccurate information based upon materially untrue assumptions at the time of petitioner's sentence in violation of the laws of the United States/Due Process.

(Pet. ¶ 13).

---

[1] Petitioner brought a Section 2255 motion, alleging ineffective assistance of counsel for failing to investigate or challenge whether Petitioner's prior criminal convictions qualified him as an armed career criminal, and the motion was denied.
[2] Petitioner brought a Rule 60(b) motion, challenging his sentence as an Armed Career Criminal, and the court denied the motion as a second or successive 2255 motion.
[3] In Descamps v. United States, 133 S.Ct. 2276, 2281-82 (2013), the Supreme Court held that courts may not apply the modified categorical approach to sentencing under the Armed Career Criminal Act when the crime of which the defendant was convicted has a single, indivisible set of elements.

2

A federal prisoner may challenge the legality of his conviction or sentence, once the conviction is final, only through a motion filed pursuant to 28 U.S.C. § 2255. Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 does not provide an inadequate or ineffective remedy, thus allowing a petition under 28 U.S.C. § 2241, merely because a petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Cradle v. U.S. ex rel Miner, 290 F.3d 536, 538 (3d Cir. 2002) (holding § 2255 was not inadequate or ineffective to challenge enhanced sentencing under the recidivist provisions of 21 U.S.C. § 841(b)(1)(A), as required by 21 U.S.C. § 851(a)(1)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538-39 (quoting Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)).

A § 2255 motion is inadequate or ineffective "only if it can be shown that some limitation of scope or procedure would prevent a section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000) (quoting Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954) (internal quotation marks omitted). In this context, "wrongful detention" means that (a) the petitioner "is being detained for conduct that has subsequently been rendered non-

3

criminal by an intervening Supreme Court decision"; and (b) the petitioner is barred from filing a § 2255 petition. <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997).

Here, Petitioner's crime of felon in possession of a gun remains a criminal offense, and Petitioner challenges the validity of his sentence enhancement. In the Third Circuit, such claims are not cognizable under § 2241. <u>See</u> <u>Adderly v. Zickefoose</u>, 459 F. App'x. 73, 75 (3d Cir. 2012) (per curiam) (denying jurisdiction under Section 2241 because "[Petitioner] did not allege that his felon-in-possession conduct is now regarded as non-criminal.")

In light of the foregoing, the Court lacks jurisdiction over the petition under § 2241.[4] If Petitioner wishes to file a second or successive Section 2255 motion, he must first get permission from the appropriate Circuit Court of Appeals. 28 U.S.C. § 2255(h).

---

[4] Although this action will be dismissed, Petitioner will be directed to pay his $5 filing fee or submit his <u>in forma pauperis</u> application. <u>See</u> <u>Hairston v. Gronolsky</u>, 348 F. App'x 716, 718 (3d Cir. Oct. 15, 2009)(citing <u>Hall v. Stone</u>, 170 F.3d 706, 707 (7th Cir. 1999)(the prisoner's legal obligation to pay the filing fee or obtain <u>in forma pauperis</u> status is automatically incurred by the very act of raising a legal claim).

4

s/Renee Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: June 25, 2015